IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>JOSE LUIS SCHMIDT GONZALEZ & MARCELA CASTILLO SANCHEZ<br>Debtors<br><br>DORAL BANK<br>Plaintiffs<br><br>Vs<br><br>JOSE LUIS SCHMIDT GONZALEZ & MARCELA CASTILLO SANCHEZ<br>Defendants | BANKRUPTCY 08-00509 SEK<br><br>ADVERSARY # 08-00081 SEK<br><br>CHAPTER 7 |

ANWER TO COMPLAINT

TO THE HONORABLE COURT:

COME NOW debtors and defendants JOSE LUIS SCHMIDT GONZALEZ & MARCELA CASTILLO SANCHEZ through their representation who respectfully answers and prays:

1. Paragraph 1 needs no response.
2. Paragraph 2 is denied and it is asserted that there is a difference between an objection to discharge pursuant to §727 and an objection to dischargeability pursuant to §523. Plaintiff appears confused as to the basis of its complaint.
3. Paragraph 3 is admitted.
4. Paragraph 4 is admitted.
5. Paragraph 5 is admitted.
6. Paragraph 6 is admitted.
7. Paragraph 7 is denied in its entirety.
8. Paragraph 8 is denied.
9. Paragraph 9 is denied and it is asserted that the extension of the complaint's bar date in favor of a party who has affirmatively sought the extension with justified cause does not benefit all parties and creditors in general. The extended deadline

1

on which this creditor hopes to justify its late complaint was withdrawn or set aside nonetheless.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied. It is asserted that another parties' filing of an unrelated complaint or request to extend the time for filing of complaint in this case by the U.S. Trustee cannot benefit those that are not diligent prior to the expiration of the complaint's deadline.

12. Paragraph 12 is denied.

## AFFRIMATIVE DEFENSES

13. The Complaint fails to state a claim upon which relief can be granted under either §523 and/or §727.

14. The elements necessary to except from discharge the debt involved herein are not present, nor have these been alleged with particularity and are nevertheless denied.

15. The Complaint is time barred.

16. Defendant's debt to plaintiff has neither been incurred by false pretenses, false representation, nor fraud.

17. The allegations are not of sufficient specificity to warrant any exception to discharge, nor to warrant any determination of fraud in any context.

18. Any damage caused to this creditor was entirely and absolutely caused by itself in not recording or presenting for recordation the Deed refinancing its mortgage within the statutorily required time frame.

19. Defendants in no manner contributed to Plaintiff's loss.

20. The revocation of discharge herein sought must be as a result of information or evidence that the discharge was obtained through fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge. The allegations of this complaint show that Plaintiff knew and has

2

known of its loss and its own omissions prior to the discharge and/or to the §523/§727 complaints deadline, although defendants deny any such fraud.

21. The position of this creditor is not substantially justified and fees are requested.

WHEREFORE debtor defendant respectfully answers the complaint and requests that the Complaint be dismissed and his discharge entered.

RESPECTFULLY ANSWERED on September 2, 2008

**I HEREBY CERTIFY** that this motion has been caused to be electronically noticed to Mr. Sergio Ramírez de Arellano, Esq, through electronic notice at  sramirez@sarlaw.com .

/s/ *L.A. Morales Vidal*
LYSSETTE MORALES VIDAL
URB VILLA BLANCA
76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434 FAX 258-2658
USDC PR #120011
Email lamoraleslawoffice@gmail.com