IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>JORGE LUIS SCHMIDT GONZALEZ &<br>MARCELA CASTILLO SANCHEZ<br><br>Debtors<br><br>HACIENDA SAN JOSE<br>589 VIA DEL GUAYABAL<br>CAGUAS, PR 00727<br>SSN: xxx−xx−5337/xxx−xx−1063 | CASE NO. 08-00509 SEK<br><br>ADVERSARY NO. 08-00081<br><br>CHAPTER 7 |
| DORAL BANK<br><br>Plaintiff | |
| JORGE LUIS SCHMIDT GONZALEZ &<br>MARCELA CASTILLO SANCHEZ<br>Defendants | |
| | |

DEFENDANT's MOTION TO DISMISS COMPLAINT

TO THE HONORABLE COURT:

COME NOW debtor defendants through their legal representation who pray:

STATEMENT OF CASE

1. Debtors filed under Chapter 7 of the Bankruptcy Code on January 31, 2008 and the §523/§727 Complaints deadline was duly noticed for **April 28, 2008**.

2. The Complaints deadline was duly noticed to all creditors and parties in interest pursuant to d.e. #4 for **April 28, 2008**.

3. Doral Bank, plaintiff herein filed this adversary proceeding under §727/§523 on **May 28, 2008**. Defendants were summoned by certified mail on or about June 1, 2008.

4. No extension to the §727/§523 Complaints deadline was filed by Doral Bank or anyone on its behalf.

5. Only the UST filed an extension of time which was granted by this Court at d.e. #24. This extension was granted prior to opportunity for opposition by

1

debtor and reconsideration was filed by debtors. The extension was granted to UST and expired and the UST did not avail itself to the extension of time.

6. No discharge has been entered herein.

## MOTION TO DISMISS

7. On **May 28, 2008** plaintiff filed the instant adversary proceeding against defendants/debtors, objecting to the discharge pursuant to §727(a)(3), (a)(4) and (a)(5) and requesting the denial of discharge pursuant to 11 U.S.C. §523(a)(2) and §523(a)(4).

8. The Adversary Complaint also seeks the revocation of discharge pursuant to §727(d)(1).

9. In what follows defendants will argue that the complaint was filed late, in contravention of applicable rules of bankruptcy procedure, and should be dismissed accordingly, and furthermore, that the revocation of discharge has also been improvidently requested by plaintiff. This Court cannot revoke what has not been entered as of yet. Furthermore, a revocation of discharge can only be obtained on the basis that the evidence of fraud in obtaining the discharge by the debtor was not known to the creditor until after the entry of the discharge. Obviously, the technical requirements of §727(d)(1) have not been met by plaintiff, nor have these been pled in accordance with §727(d)(1), and plaintiff also fails to plead fraud with particularity as required by FRBP 7009.

## UNTIMELINESS OF §727/§523 CAUSES OF ACTION

10. A review of the bankruptcy case docket reveals that the bar date to file §523/§727 complaints deadline in this case was set for **April 28, 2008**, sixty days from the date when the first §341 Meeting of Creditors was set, as provided in Rule 4004(a) F.R.B.P. [D.E. #4].

11. Therefore, the bar date to file §523/§727 complaints in this case expired by its own terms on **April 28, 2008** for this particular creditor, Doral Bank.

12. The record reflects that no extensions of time to extend the §523/§727 complaints deadline were filed by any creditor as of the deadline date of April 28, 2008 other than the U.S.T.'s timely request on April 28, 2008 at d.e. #23 and granted on the

next day at d.e. #24.[1]

13. It thus becomes apparent that the both the dischargeability complaint and objection to discharge filed by creditor and plaintiffs herein, was untimely filed on May 28, 2008, after the deadline for such objections had elapsed.

14. Plaintiff cannot reap the benefit granted to the UST at d.e. #24 . Neither Trustee's motion requesting the extension or this Court's Order extending the same at d.e. #24 make the extension extensive to any other party or creditor.

15. Both Rules 4004(a) and 4007(c) unequivocally state that a complaint objecting to a debtor's discharge or the discharge of a particular debt under §523 of the Bankruptcy Code must be filed within 60 days of the date first set for the meeting of creditors. Significantly, both Rules 4004(b) and 4007(c) delineate the limited circumstances in which the time deadline may be extended; the court may, for cause, extend the deadline only if the party seeking the extension files a motion before the time deadline expires. No other exceptions are provided for in the Rules.

16. Though Rules 4004(a), 4004(b) and 4007(c) are clear enough on their own, any possibility that further grounds may be asserted for extension of the 60-day time deadline is foreclosed by Bankruptcy Rule 9006(b)(3). This Rule states that the strict time deadline in Rules 4004(a) and 4007(c) may be enlarged only to the extent and under the conditions stated in those rules.

17. The discharge is the most important element of the debtor's fresh start. H.R. Rep. No. 95-595, at 128 (1977). Accordingly, the debtor has an interest in the prompt resolution of discharge issues, *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996), and the law sets a tight frame for discharge objections. In the absence of a timely objection, and subject to certain exceptions, "the court shall forthwith grant the discharge". Rule 4004(c) F.R.B.P.

18. In this regard, the Supreme Court has made clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say, and that violation of such deadlines cannot be ignored or excused. **Taylor vs .Freeland & Kronz**, 503 U.S. 638 (1992).

---

[1] The U.S.T. did not pursue the timely extension obtained in the bankruptcy case.

19. See the recent Bankruptcy Appellate Panel's Judgment in *In re Natacha Prego Cruz*, of April 26, 2005 in Bankruptcy Case 03-01259, Adv Proc 04-00031.

20. Plaintiff herein, filed this Complaint outside of the deadline date of April 28, 2008 on May 28, 2008.

21. The Complaint at ¶10 states that:

    *"To the extent that debtors may claim that the deadline for filing of objections to discharge has expired, this Honorable Court shall revoke Debtor's discharge under §727(d)(1) of the Bankruptcy Code."*

22. This creditor could have 'reserved' its right to file a §523/§727 Complaint by filing a timely request for extension, if it saw that there was any delay that may prejudice it to proceed at a later date against the debtor, as did the U.S.T.

23. This creditor did not appear at the §341 Meeting of Creditors nor has the plaintiff performed any informal or formal discovery prior to this date or prior to the complaints deadline.

24. The possibility of equitable tolling of the time for filing the complaint is not appropriate in this case; creditor was simply late in its request. Our position is that in any case, the request should have been made before the original extension granted had expired, and then, only for cause.

25. Cause to extend the period has been found when debtor has deliberately attempted to prevent or elude discovery, which is not the situation in the case at bar. In *In Re Amezaga*, 192 BR 37 (District of Puerto Rico, 1996), the Honorable Enrique S. Lamoutte, made such distinction, and stated:

    *"Section '727(a) of the Bankruptcy Code and Rule 4004(c) of the F.R.B.P. place mandatory and quasi ministerial duties on the court to grant a discharge forthwith after the time to object has expired. Rule 4004(b) clearly states that any extension of time must be filed before the period has expired. These are time limits that must be strictly construed, and, which operate in debtor's favor and to meet the Bankruptcy Code's intent of providing a fresh economic start."* At page 40.

26. There is no question that the plaintiff filed the complaint after the §523/§727 period had expired. However meritorious plaintiffs case may be, a question which is at this time, irrelevant, the time limits have to be construed in favor of providing the debtor their fresh economic start. Equitable considerations may be relevant in considering whether there is cause to grant a timely requested

extension, or further extension of time to file the complaint, but this is not the situation in the case at bar.

27. Had the plaintiff timely requested extension before the original period had expired, the Court would indeed have had the discretion to grant it. However, it is clear that once the deadline has passed, the Court is precluded from entertaining the issues belatedly raised by plaintiff herein.

28. The Supreme Court has left no doubt that an out-of-time objection filing such as waiver, fraudulent concealment or excusable neglect may not be excused in a claim processing situation such as an objection to a claim of exemption. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Quite simply, this Court held that there can be no judicial review of the underlying basis for the debtor's claim of exemption if the time deadline passes without the filing of an objection or a request for extension. In *Taylor v. Freeland & Kronz*, the Supreme Court made clear that deadlines in the Federal Rules of Bankruptcy Procedure mean what they say and that violations of such deadlines cannot be ignored or excused. *Collier on Bankruptcy*, & 4004.02[3] at p. 4004-6 (15th ed. rev.)[2]

29. Although Rule 4004(a) and 9006(b)(3) do not create or withdraw federal jurisdiction, as decided by the Supreme Court in *Kontrick v. Ryan*, 124 S.CT 906 (January 14, 2004), they are nevertheless, inflexible claims-processing rules that may be forfeited.

30. Unquestionably, the Court would have had the discretion to further extend the period of time to file the complaint had it been timely filed. Plaintiff only had to meet the requirements of Rule 4004(b): 1) that a motion be filed; 2) by a party in interest; 3) that the order be entered after hearing on notice (opportunity for a hearing); 4) that the extension be for cause; and 5) that the motion be filed before the time has expired.[3] Otherwise, pursuant to the provisions of 11 USC §727(a) the court has the duty to grant a discharge forthwith after the time to object has expired.

---

[2] *Taylor* refers to Rule 4003(b), but the analysis has been made applicable to all Rules of a similar nature, such as 4004(a) & (b) and 4007. See *Kontrick,* infra.
[3] *Amezaga,* supra.

31. Equitable considerations should be of a compelling nature, these simply are not available in the case at bar. The reason for the lateness of the filing of the complaint is in no way attributable to debtor, it stemmed from plaintiff's lack of diligence. The complaint has no relation to any delay or evidence requested by the Trustee to the issues raised in the instant complaint.

32. There has been no action by debtor to provoke the delay in filing the complaint.

33. In *In re Amezaga*, supra, the debtor had purposely eluded discovery by creditor, and had incurred in delay practices that were considered by the Court as sufficient justification to exercise its equity powers. Furthermore, in *Amezaga* the moving creditor had timely requested the first extension of time. It was the second extension of time that was not timely filed. The situation is totally different in the case at bar. The delay in this case is solely attributable to plaintiff. This case presents no exceptional circumstances that should justify deviating from the general rules of inflexibility. In all areas of the law, where the rule itself sets the conditions in which a court may properly extend the time for a certain action to be taken, and even in situations where the denial of a remedy may be harsher, the strict time deadline has prevailed.[4]

---

[4] *Carlisle v. United States*, 517 U.S. 416, 116 S.Ct. 1460 (1996), where equitable considerations such as excusable neglect were not permitted to save a motion for judgment of acquittal filed one day late by a criminal defendant based on the plain language of Fed. R. Crim. P. 29(c); *United States v. Robinson*, 361 U.S. 220 (1960), where indigent criminal defendants were denied their right of appeal for their failure to timely file a notice of appeal based on the plain language of Fed. R. Crim. P. 45(b); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), the plain language of Fed. R. App. P. 26(b) was applied to cut off an appeal by a party not named in a notice of appeal.

The principles stated in *Taylor, Kontrick,* and *Amezaga* regarding the strict deadlines of claims processing rules, the requisites for extensions, and the necessity of raising the untimeliness defense early in the proceedings, all support that the Motion to Dismiss filed by debtor/defendant should be granted.

§727(d)(1) REVOCATION OF DISCHARGE PREMATURE & UNSUPPORTED

34. Plaintiff's request for revocation of the discharge pursuant to §727(d)(1) is premature and unsupported even if found timely.

35. Section 727(d) provides that "On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a **discharge.** granted under subsection (a) of this section if- (1) such **discharge** was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such **discharge. . .**"

36. The plain and literal meaning of the statute shows that a revocation of discharge as sought herein by plaintiff, must be as a result of information or evidence that the discharge was obtained through fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge.

37. The timing, as well as the allegations of the Adversary Complaint show that plaintiff knew and has known of its loss and its own omissions prior to the discharge and/or to the §523/§727 complaints deadline, although defendants deny any such fraud.

38. The omissions that resulted in plaintiff's loss of security were self inflicted by the bank and in no manner attributable to defendants. The Complaint makes reference precisely to AP #08-00080 brought against plaintiff, Doral Bank by the Chapter 7 Trustee for the bank's failure to record its security within the statutory time, thereby the lost of its security. See ¶11 of the Adversary Complaint.

39. Furthermore, the Complaint does not plead diligence by this creditor in accordance with §727(d)(1), and the Complaint fails to plead fraud with particularity as required by FRBP 7009.

40. The recent case of *In re Habash*, 360 B.R. 775 (Dist Ct ND Ill 6/2008) and *In re Osborne* at 2008 Lexis 2, decided on January 3, 2008 from the Bankruptcy Court for

the WD Ky, both show that creditor unquestionably had knowledge of debtor's alleged fraud prior to the entry of discharge and prior to the complaints deadline. The facts of both cases show that plaintiff Doral Bank cannot proceed under either §727/§523 or §727(d)(1).

41. In construing the requirements of § 727(d)(1), the statute must be read liberally in favor of the debtor. *State of India v. Kaliana (In re Kaliana),* 202 B.R. 600, 603 (Bankr. N.D. Ill. 1996) (citations omitted) ("**Revocation** of a **discharge** is a harsh measure and runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a "fresh start."); *West Suburban Bank of Darien v. Arianoutsos (In re Arianoutsos),* 116 B.R. 116, 118 (Bankr. N.D. Ill. 1990) (citing *Canfield v. Lyons (In re Lyons),* 23 B.R. 123, 125 (Bankr. E.D. Va. 1982)). In order to obtain relief under § 727(d)(1), the creditor must allege (1) fraud in fact and (2) that the creditor was not aware of the fraud prior to **discharge** or the period after the date to file objections but prior to **discharge.** *In re Kaliana,* 202 B.R. at 604; *In re Arianoutsos,* 116 B.R. at 118. In addition, the complaint must comply with Federal Rule of Bankruptcy Procedure 7009, which is identical to Federal Rule Civil Procedure 9(b), and requires fraud be pled with particularity. This requires the plaintiff allege "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Uni*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir. 1992).

42. With regards to the second statutory element, courts have held that in the absence of diligence by the creditor, **revocation** of the debtor's **discharge** is improper. *See, e.g., In re Kaliana,* 202 B.R. at 605-06 (creditor's investigation "was neither diligent nor timely"); *In re Arianoutsos,* 116 B.R. at 118 (creditor was in possession of enough information to put them on notice that schedules might be false); *In re Stein,* 102 B.R. 363, 368 (Bankr. S.D.N.Y. 1989) (creditor seeking to revoke the **discharge** of the debtor did not exercise diligence in discovering the facts concerning the debtor's interest in his wife's home and bank account which were not listed on the bankruptcy schedules); *First Nat'l Bank v. Jones (In re Jones),* 71 B.R. 682, 685 (S.D. Ill. 1987) (citation omitted) ("A party may be guilty of laches by failing to show

8

proper diligence in attempting to discover the necessary facts before **discharge.**"). "If the creditor could have known of the alleged fraud, it has an affirmative duty to so investigate before the **discharge** is granted or the court will dismiss the requested **revocation**." *In re Kaliana,* 202 B.R. at 604 (citing *Wood v. Cochard (In re Cochard),* 177 B.R. 639, 643 (Bankr. E.D. Mo. 1995) and *In re Arianoutsos,* 116 B.R. at 119.

43. In this case, the complaint alleges there was fraud in the procurement of the **discharge** and, tellingly, completely fails to allege that Doral Bank was unaware of the fraud. Plaintiff does not even attempt to plead diligence in discovering the alleged fraud. The fact that plaintiff failed to investigate prior to the expiration of its period to file objections, or at least request an extension in order to investigate, cannot be squared with the requirements of § 727(d)(1).

44. Finally, the Adversary Complaint fails to plead fraud with particularity as required by FRBP 7009 both in the revocation of discharge cause of action, as well as in the objection to discharge and dischargeability causes of action.

WHEREFORE, debtor defendants respectfully pray that the Complaint filed by creditor Doral Bank be dismissed with prejudice and that judgment be entered accordingly and that costs and fees be accorded to debtor. Request is also made for entry of debtors' discharge forthwith.

**I HEREBY CERTIFY** that this motion has been electronically filed and caused to be noticed to plaintiff's counsel.

DATED: December 31, 2008

/s/ *L A Morales*

Lyssette A Morales Vidal
Urb Villa Blanca
76 Aquamarina
Caguas, Puerto Rico 00725-1908
USDC PR #120011
Email[lamoraleslawoffice@gmail.com](mailto:lamoraleslawoffice@gmail.com)

9