IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                     :

JORGE LUIS SCHMIDT GONZALEZ,   :       CASE NO. 08-00509(SEK)
MARCELA CASTRILLO SANCHEZ,
       DEBTORS                       :       CHAPTER 7

- - - - - - - - - - - - - - - - - - - - - - - - - - - -
DORAL BANK,                          :

     PLAINTIFF                       :       ADV. NO. 08-00081

        v.                           :
JORGE LUIS SCHMIDT GONZALEZ,
MARCELA CASTRILLO SANCHEZ            :

     DEFENDANTS                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

### OPINION AND ORDER



Defendants filed a motion to dismiss this proceeding claiming it is time barred, as the complaint objecting to discharge, the dischargeability of a debt and seeking revocation of the discharge, was filed after the deadline set by Fed. R. Bankr. P. 4004(a).

Plaintiff claims the enlargement of time we granted on motion filed by the U.S. Trustee inures to its benefit, and consequently, the complaint is timely.

Based on the undisputed facts, we conclude the proceeding is time barred and dismiss the complaint for reasons that follow.

### UNDISPUTED FACTS

Defendants sought bankruptcy protection by filing their

petition under Chapter 7. The Clerk notified April 28, 2008 as the deadline for filing complaints objecting to the discharge of debts. The U.S. Trustee filed a motion to extend that deadline for an 30 additional days on the same date the initial term expired. We granted the enlargement the next day without a hearing. Defendants then filed a timely motion to set aside this order. The motion became moot when the U.S. Trustee indicated it did not intend to challenge the discharge, the dischargeability of a debt, nor file a section 707(b) motion to dismiss. The Order of Discharge has not been entered.

In the meantime, Plaintiff filed this complaint on May 28, 2008, asserting three causes of action: one for denial of discharge pursuant to sections[1] 727(a)(3), (a)(4) & (a)(5); another to revoke the discharge pursuant to section 727(d)(1) ; and, yet another to deny dischargeability of a $339,470 debt brought pursuant to section 523(a)(2). Defendants now seek its dismissal invoking FRBP 4004(a), 4004(b) and 9006(b)(3).[2] It also



---

[1] References to "section[s]" shall be to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101, et seq., with the exception of the provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119, Stat. 23 that became effective immediately with cases filed on or after April 20, 2005.

[2] Fed. R. Bankr. P 9006(b)(3) addresses enlargement of time governed by other rules, and as pertinent states: "The court may enlarge the time for taking action under Rules ... 4004(a) ..., only to the extent required under Rule 1007(b)(7)...". Thus, this Rule restricts our discretion for granting the extension sought by the U.S. Trustee.

claims the cause of action based on revocation is premature, as the discharge order has not been entered. Plaintiff argues that our order granting the U.S. Trustee an enlargement of time to file the complaint inures to its benefit. It also asserts its challenge survives because it is joined to the revocation of discharge that prevents us from dismissing the complaint as untimely.

## DISCUSSION

Fed. R. Bankr. P. 4004(a) establishes a deadline for filing complaints objecting to discharge. In a case under Chapter 7, these complaints shall be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Here, the parties agree the Clerk correctly established and notified that deadline as April 28, 2008.



If parties in interest cannot meet this deadline, then Fed. R. Bankr. P. 4004(b) authorizes the court to extend it, provided: (1) a motion is filed before the initial term expires, (2) the movant shows cause that merits the enlargement, (3) the court authorizes after a hearing on notice. We must also bear two things in mind when dealing with this deadline. First, the U.S. "Supreme Court made it clear that deadlines set by these rules mean what they say and violations cannot be ignored or excused." 9 *Collier On Bankruptcy*, ¶ 4004.02[3] (15th ed. rev.)(citing <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 112 S. Ct. 1644, 118 L.

Ed.2d 280 (1992)). Second, "[s]everal courts have held that during the period after the deadline expires, but before the discharge is entered, the court may permit a complaint objecting to discharge that raises grounds that would justify revocation of discharge, or that is based on acts which occurred after the deadline expired." 9 *Collier on Bankruptcy*, ¶ 4004.02[3](15th ed. rev.) (citing Jones v. Buzzeo (In re Buzzeo), 315 B.R. 243 (Bankr. Conn. 2004)).[3]

Although the first proviso seemingly supports strict adherence to deadlines set by the rules of bankruptcy procedure, the courts have been flexible when dealing with challenges to the discharge. For example, the bankruptcy court for the Southern District of New York states that an extension for challenging a discharge filed by one party in interest in a particular bankruptcy case, inures to the benefit of all others who may also be considered parties in interest in that case. In re Overmyer, 24 B.R. 437, 439 (Bankr. S.D.N.Y. 1982). Not so with the challenge raised to exempt a specific debt from the discharge order. In re Overmyer, 24 B.R. at 440. Any extension of that nature inures only to the benefit of the proponent, others have no right to piggyback on another creditor's successful



---

[3] However, the facts in Buzzeo are materially different from those at hand. Therefore, the case is readily distinguishable causing us to discard Plaintiff's argument based on this case. Jones v. Buzzeo (In re Buzzeo), 315. B.R. 243 (Bankr. Conn. 2004).

application. Id.

Then there is the matter of "cause". While cause is not defined, apparently it cannot be a *pro forma* incantation, raised perfunctorily, without any real meaning, and divested from a showing of real need for the extra time sought. In re Leary, 185 B.R. 405, 406 (Bankr. Masd. 1995). This is specially true when one considers the mandate for prompt entry of a discharge contained in Fed. R. Bankr. P. 4004(c).

Applying the above to the facts at hand, the first thing we note is that the U.S. Trustee's request for enlargement became moot when it notified the Court it would not challenge the discharge, nor seek the dismissal initially contemplated. Assuming, *arguendo*, it did not become moot, was our order entered the next day without a hearing, without an opportunity for the Debtors to object or waive their objection, valid? We now conclude our order was invalid for its failure to afford Debtors due process and the right to be heard before its entry. 9 *Collier on Bankruptcy*, ¶ 4004.03[1] (15th ed. rev.).



Lastly, we note the U.S. Trustee did not tailor its need for extra time to its specific needs in this particular case. Unfortunately, it mentioned the same cause used in all its motions for enlargement filed in cases assigned to my docket. Hence, our order also fails if we were to reconsider its entry based on the substance of the motion.

To summarize, Plaintiff cannot rely on our invalid order to shore up its claim that it benefitted from the fruit of that ill gotten order. Therefore, we grant Defendants' motion to dismiss the instant complaint, as it is time barred, having been filed after the deadline set by Fed. R. Bankr. P.4004(a).

**SO ORDERED**, in San Juan, Puerto Rico, on March 18, 2009.

SARA DE JESUS
U.S. Bankruptcy Judge